UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lino K.,<br><br>             Petitioner,<br><br>v.<br><br>Kirstjen Nielsen, Secretary Homeland Security; Matthew Whitaker, Acting U.S. Attorney General; Peter Berg, ICE Field Office Director; Joel Brott, Sherburne County Sherriff,<br><br>             Respondents. | Case No. 19-cv-0419 (MJD/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On February 20, 2019, Petitioner Kennedy L. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc No. 1.] Petitioner contends that he has been subjected to prolonged detention and release is not reasonably foreseeable. (Pet. ¶ 6.) The Petition was referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Since the Petition was filed, Petitioner has been released from custody. As a result, the Court recommends that his Petition be dismissed as moot.

**I.     Background**

Petitioner is a citizen and national of South Sudan. (*Id.* ¶ 11.) On January 18, 2012 Petitioner was ordered removed from the United States by an Immigration Judge in Las Vegas, Nevada. (Ligon Decl. ¶ 3 [Doc. No. 6].) He was apparently never removed,

however, and seven years later, on March 12, 2019, the Las Vegas Office of the Principal Legal Advisor filed a motion to dismiss the removal proceedings "based upon a change in caselaw controlling removal proceedings conducted within the jurisdiction of the 9th Circuit Court of Appeals." (*Id.* ¶ 5.) Petitioner was released the next day "under an order of supervision pending the final dismissal of removal proceedings." (*Id.* ¶ 6.)

## II.     Discussion

Under article III, section 2, of the United States Constitution, federal court jurisdiction is limited "to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (citation and quotation marks omitted). Article III mootness divests the Court of subject matter jurisdiction. *See id.* If a court determines that it lacks subject matter jurisdiction at any time during a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Since filing his Petition, Petitioner has received the relief he sought. He has been released. This leaves nothing for the Court to grant by way of habeas relief. Any such order would be ineffectual and result in no change. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016).

Before recommending dismissal of the Petition for mootness, however, the Court must determine whether any of the following exceptions to mootness exist:

> (1) secondary or "collateral" injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions,* No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R. & R. adopted*, No. 16-CV-2124 (DSD/HB), 2017 WL 3268176 (D. Minn. July 31, 2017).

The Court concludes that none of the exceptions apply in this case. First, there are no surviving secondary or collateral injuries. Although Petitioner remains subject to the conditions of supervision, "those conditions would remain in place even if habeas corpus relief were to be granted." *Mohamed v. Sessions*, No. 16-CV-3828 (SRN/BRT), 2017 WL 4417706, at *4 (D. Minn. Sept. 14, 2017), *R. & R. adopted*, 2017 WL 4410765 (D. Minn. Oct. 3, 2017). Moreover, once Petitioner receives his order of dismissal from the BIA, he "will no longer be subject to any reporting requirements." (Ligon Decl. ¶ 6.) Given the amount of time that has passed since Respondents filed this declaration, it seems likely that this has already occurred. Second, the grounds raised in the Petition are not "capable of repetition but evading review," because there is no reason to believe that Petitioner will again be subject to a prolonged detention. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that the "capable of repetition doctrine applies only in exceptional situations" where "there is a reasonable expectation that the same complaining party will be subject to the same action again"). Third, there is no reason to believe that Respondents voluntarily ceased an unlawful action purposely to deprive this Court of jurisdiction. Finally, the exception relating to class actions is inapplicable,

3

because Petitioner requested relief only on his own behalf, not on behalf of a class of individuals.  *See Ahmed*, 2017 WL 3267738, at \*2.

### III. Recommendation

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Lino K.'s Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED AS MOOT**.


Dated: November 7, 2019                s/ *Hildy Bowbeer*
                                       HILDY BOWBEER
                                       United States Magistrate Judge


### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).